UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERONT NEZIRI,                               *
                                             *
                Plaintiff,                   *
                                             *        Civil Action No. 15-cv-13282-IT
        v.                                   *
                                             *
JEH JOHNSON, et al.,                         *
                                             *
                Defendants.                  *

ORDER

March 4, 2016

TALWANI, D.J.

        Before the court are Plaintiff's Motion for Emergency Hearing [#31] and Plaintiff's

Motion for Temporary Stay of Removal [#32].  Plaintiff Geront Neziri brings these motions in

response to Defendants' Notice of Intent to Transfer for Removal [#30], filed yesterday, which

gave notice of the Department of Homeland Security's intent to remove Plaintiff within seven

days.  Plaintiff seeks an expedited hearing to "require the Defendants to defend their efforts to

remove Plaintiff while this case is pending before the Court," Pl.'s Mot. Emergency Hearing, and

requests a stay of removal to "allow the Court time to rule on the Defendants' pending motions

and to prevent Defendants from removing the Plaintiff while issues of his custody are pending

before the Court."  Pl.'s Mot. Temporary Stay Removal.  For reasons set forth below, Plaintiff's

motions are DENIED.

        The underlying Complaint for Declaratory Judgment and Petition for Writ of Habeas

Corpus [#1] (hereinafter "Complaint") alleges that Plaintiff is an Albanian citizen facing removal

who has been detained since December 2013.  Compl. ¶ 13.  Plaintiff sought declaratory

judgment declaring his asylum-only proceedings unlawful and an order terminating those

proceedings and compelling Defendants to re-institute removal proceedings.  Plaintiff also

sought habeas corpus relief to seek release from prolonged and indefinite detention.

Defendants' pending Motion to Dismiss / Motion for Summary Judgment sought

dismissal of Plaintiff's demand for declaratory judgment on the ground that this court lacks

jurisdiction to address that demand.  Defendants also sought summary judgment on the petition

for writ of habeas corpus, arguing that the length of Plaintiff's detention is constitutionally

permissible.  At the scheduling conference in the instant matter, Plaintiff's counsel informed the

court that he intended to file with the First Circuit a Petition for Direct Review of the recent

decision of the Board of Immigration Appeals.  Accordingly, this court set a hearing for March

29, 2016, but only as to the motion for summary judgment of the habeas petition.

To the extent that Plaintiff's request for emergency relief is tied to his claim that removal

is improper, this court does not have jurisdiction.  Under the Real ID Act of 2005, 8 U.S.C.

§ 1101 *et seq.*, review of removal orders lies with the First Circuit, not this court, through a

Petition for Direct Review.  8 U.S.C. §§ 1252(a)(5), (b)(2), (9).  Plaintiff filed such a petition

with the First Circuit on January 22, 2016.  Accordingly, this court does not have jurisdiction to

consider Plaintiff's request for emergency relief to allow for review of the removal order.

As to the challenge to the duration of Plaintiff's detention, the government's notice of its

intent to remove Plaintiff does not compel this court to hear the petition on an emergency basis.

Rather, the removal of Plaintiff, should it occur, may moot his detention challenge.  That concern

does not provide grounds to defeat removal.

For the foregoing reasons, Plaintiff's Motion for Emergency Hearing [#31] and Plaintiff's

Motion for Temporary Stay of Removal [#32] are DENIED.

IT IS SO ORDERED.

March 4, 2016                                              /s/ Indira Talwani
                                                          United States District Judge