UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GERONT NEZIRI,                    *
                                  *
            Plaintiff,            *
                                  *        Civil Action No. 15-cv-13282-IT
      v.                          *
                                  *
JEH JOHNSON, et al.,              *
                                  *
            Defendants.           *

ORDER ON MOTION TO DISMISS

April 8, 2016

TALWANI, D.J.

Plaintiff Geront Neziri is an Albanian citizen who faces removal after using a false Italian

identity and passport to enter the United States under the Visa Waiver Program. Plaintiff was

placed into "asylum-only" proceedings and has been ordered removed from the United States.

Plaintiff seeks a judgment declaring his asylum-only proceedings under the Visa Waiver

Program unlawful and an order terminating his asylum only proceedings and compelling

Defendants[1] to re-institute removal proceedings against him. Before the court is Defendants'

Motion to Dismiss [#18] Plaintiff's declaratory judgment cause of action.[2] Defendants assert

that, pursuant to the REAL ID Act of 2005, 8 U.S.C. § 1101 *et seq.*, review of removal orders

lies exclusively with the First Circuit, not this court, through a Petition for Direct Review.

---

[1] Defendants are Jeh Johnson, the Secretary of the Department of Homeland Security; Loretta
Lynch, the United States Attorney General; Sean Gallagher, the Boston Area Immigration and
Customs Enforcement Field Office Director; Sara Saldana, the Director of Immigration and
Customs Enforcement; Steven W. Tomkins, the Sheriff of Suffolk County; and Yolanda Smith,
the Superintendent of the South Bay House of Corrections.

[2] Defendants also filed a Motion for Summary Judgment [#18] as to Plaintiff's habeas corpus
claim. The court will address that motion in a separate order.

Because this court does not have subject matter jurisdiction over Plaintiff's demand for declaratory judgment, the motion is ALLOWED.

The REAL ID Act bars district courts from having jurisdiction over removal actions:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order . . . .  Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9); see also Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007) ("By its terms, [§ 1252] encompasses 'all questions of law and fact' and extends to both 'constitutional and statutory' challenges.").  Instead, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."  8 U.S.C. §1259 (a)(5).[3]  The First Circuit Court of Appeals, and not this court, has jurisdiction over the declaratory judgment demand.

Plaintiff argues that the REAL ID Act does not preclude this court's jurisdiction because he is not challenging the order of removal itself.  Instead, he avers, his challenge, that the government failed to produce sufficient evidence to prove that Plaintiff waived his rights under the Visa Waiver Program, is merely an evidentiary one.  The REAL ID Act, however, does not make a distinction between review of an evidentiary error and a review of an order of removal; the Court of Appeals has exclusive jurisdiction over both.  Neziri's "evidentiary" challenge is simply a challenge to the "application of . . . [a] statutory provision[], arising from an[] action

---

[3] Plaintiff's reliance on the Administrative Procedure Act ("APA") is unavailing, as the "APA explicitly does not apply 'to the extent that . . . statutes preclude judicial review,' 5 U.S.C. § 701(a)(1), as the REAL ID Act does in this instance."  Delgado v. Quarantillo, 643 F.3d 52, 55-56 (2d Cir. 2011) (citing Lee v. CIS, 592 F.3d 612, 20 (4th Cir. 2010)).

taken or proceeding brought to remove an alien from the United States . . . ."  8 U.S.C.

§ 1252(b)(9).

Plaintiff may seek to vindicate his rights at the First Circuit Court of Appeals, as he is well aware; his Petition for Direct Review is pending there.

For the foregoing reasons, Defendants' Motion to Dismiss [#18] Plaintiff's Declaratory Judgment cause of action is ALLOWED.

IT IS SO ORDERED.

April 8, 2016                                                   /s/ Indira Talwani
                                                               United States District Judge